A reference by consent of attorneys will not be set aside at the instance of defendant after the close of plaintiff's case, three months after the order of reference was known to have been entered by defendant, merely because defendant was opposed to a reference and to the referee named, and so told his attorney.

Appeal from special term, Westchester county.

An action by George J. Axt and others against John F. Shankey. Plaintiffs appeal from order setting aside an order of reference.

Argued before BARNARD, P. J., and PRATT, J.

*Frank Comesky,* for appellants. *George W. Weiant,* for respondent.

BARNARD, P. J. The facts are generally undisputed. Kreig & Co., by virtue of a judgment and execution against Adam Axt, sold certain personal property in Rockland county. The defendant is the sheriff who made the sale. The plaintiff claims to own this property, and brings this action to get payment for its conversion. Kreig & Co. indemnified the sheriff before the sale, and the defendant employed Kreig & Co.'s lawyers, Messrs. Hastings & Gleason, of New York, to conduct the defense. The case was at issue and was noted for trial at the May circuit in Rockland county, in May, 1889. The plaintiff was ready for trial, and the defendant was not. The defendant had proposed a referee before the circuit, which was declined by the plaintiff. The same offer was made on the trial, and it was finally referred to a Mr. P. C. De Wolf by consent. The stipulation for a referee was in writing, and was signed by one of the defendant's attorneys. An issue is made as to the fact whether the present attorney for the defendant told the plaintiff's attorney that the defendant would not consent to a referee, and as to the fact whether the plaintiff's attorney told Judge WEIANT that he was about to apply for the order on the stipulation, and that he made no objection. The fact remains that this order of reference was known to have been entered by the defendant and by Judge WEIANT in May, 1889. The case proceeded before the referee until September, when the plaintiff's case was closed. It is too late to set aside the reference, even on the facts as understood by the defendant. They are simply that he was opposed to a reference,—was opposed to a reference to the referee named, and so told his attorney. The attorney did stipulate with the plaintiff, and the case was referred so long ago that there is no basis now for defendant to deny his assent to the unauthorized act. The referee is a lawyer of this state, and, while he resides in New Jersey, he has a place of business in New York. That the referee named is not in the directory of the building where the referee has a place of business proves nothing, as against the position stated of the referee, that he has a place of business at this place, 39 Broadway, New York. The order should be reversed, with costs and disbursements.

---

## Allan v. State S. S. Co.

*(Supreme Court, General Term, Second Department.* February 12, 1890.)

1. NEGLIGENCE—EVIDENCE—SUFFICIENCY.

　　A passenger on defendant's steam-ship applied through the stewardess for quinine, which was distributed gratis as part of the contract of passage. Calomel was given instead, with serious results. At the trial of an action to recover for the injuries there was evidence that the medicines were in charge of the ship's doctor, and kept in a very dark place which was in utter confusion within a day of the commencement of the voyage; that the letters in the labels on the bottles were entirely insufficient to guard against mistakes in the dark; and that the wrong medicine had been previously given another passenger. It was not certain that the calomel bottle was labeled "Poison" on the night in question. *Held,* that the testimony was sufficient to support a verdict for plaintiff.

2. APPEAL—REVIEW—ERRORS CURED.
    Plaintiff was permitted to show, against defendant's objection, that some days
    after the giving of the medicine the doctor was seen intoxicated. Afterwards the
    court charged there could be no recovery for neglect of the doctor from any cause.
    *Held,* that the case would be considered on appeal as if the evidence of intoxication
    had been rejected.

Appeal from circuit court, Kings county.

An action by Alice M. Allan against the State Steam-Ship Company to re-
cover for personal injuries. There was a verdict for plaintiff for $12,500.
From the judgment rendered thereon defendant appeals.

Argued before BARNARD, P. J., and DYKMAN, J.

*Seward, Da Costa & Guthrie,* for appellant. *Mirabeau L. Towns,* for re-
spondent.

BARNARD, P. J. The plaintiff, a healthy young woman, took passage upon
defendant's steamer from Glasgow, Scotland, to New York. The voyage
commenced on the 26th of August, 1887. The next morning the ship stopped
at Lorne, Ireland, when the plaintiff and her mother went ashore. The ship
left Lorne on the 27th of August, 1887, and soon after the ship started, the
plaintiff, feeling symptoms of a cold, applied through the stewardess for some
quinine from the medicine supply kept by the defendant, and given gratis to
passengers as a part of the contract of passage. The medicines were under
the charge of a doctor employed by the defendant. The medicine given was
not quinine, but one which occasioned extreme results both in suffering to
the plaintiff and in permanent injuries of a most serious character. There
was neglect in some one, by which these results were produced. The plain-
tiff gives evidence tending to show that the ship's doctor was some days sub-
sequently to the giving of the medicine seen intoxicated. This evidence was
objected to and received, but upon her proof of the whole case the judge
charged the jury that the plaintiff could not recover for neglect of the doctor
from any cause. If the error in receiving the evidence of the intoxication of
the doctor could not be cured, the trial of cases will be made very difficult.
Evidence is received on a ground of action which fails, and the case is per-
mitted to proceed on a theory which prevails under the proof. The case
should be considered on appeal as if the evidence of intoxication of the physi-
cian had been rejected.

The case, then, is one of neglect against the company. Whether the de-
fendant was bound by English or American statute to provide the medicine,
or provide them at its own instance, the rule would be the same. Their ar-
rangement must be such that a physician of ordinary skill can select them
when asked for. The case against the defendant is made out by the testimony
of one Chester. He applied for medicine in the same way it was furnished
the plaintiff. The room was "very dark." Bottles of all sizes stood around,
in all shapes and in all positions. Some bottles were in racks, and some were
resting on the racks. The place was in utter confusion. The bottles looked
as if out of place. The doctor seemed confused, and hesitated in giving the
medicine asked for, and at last gave the wrong medicine to Chester, which
burned his lips severely, instead of an innocent one which he asked for. The
bottles, in some instances, were in the racks which did not fit the bottles.
Whether the bottles were opaque or transparent is disputed. The sample
bottles were not returned, but were before the jury. If these facts are true,
the company failed to furnish either a proper place for the medicine or a proper
arrangement which would enable the physician to give the right medicines
without confusion to himself or danger to the sick. This condition was within
a day of the beginning of the voyage, and indicates a faulty beginning, and
not a disarrangement afterwards by the doctor. The case was tried upon the
theory that the mistake was in the giving of calomel instead of quinine, and
samples of these bottles were before the jury, and are returned in the case so

far as respects the labels. The calomel bottle is the smaller bottle, and has the word "Poison" on it, but so low as to conceal the word when it was in the rack. The letters in the label are entirely insufficient to guard against mistakes in a dark room at night. It is not certain that the calomel bottle was labeled "Poison" on the night in question. Assuming negligence, there is no question made as to an excessiveness of the verdict. The verdict of the jury has sufficient evidence to support it, and therefore the judgment should be affirmed, with costs.